


**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

**(GREENBELT)**

| | |
|---|---|
| In re: | Case No. 01-2-1039-DK |
| FINAL ANALYSIS, INC. | |
| Debtor | Chapter 7 |

## REPLY IN SUPPORT OF MOTION TO COMPEL AND OPPOSITION TO TRUSTEE'S COUNSEL'S MOTION REQUESTING COURT TO AUTHORIZE PAYMENT OF SECOND INSTALLMENT OF FEES

Nader Modanlo, creditor of Final Analysis, Inc. ("FAI"), respectfully files this Reply in Support of his Motion to Compel production of documents this Court ordered to be produced by Shulman, Rogers, Gandal, Pordy & Ecker, P.A. ("Special Counsel") as Special Counsel to Cheryl E. Rose, Chapter 7 Trustee for FAI ("Trustee"), and his Opposition to Trustee's Counsel's Motion Requesting Court to Authorize Payment of Second Installment of Fees to Shulman, Rogers, Gandal, Pordy & Ecker, P.A. ("Trustee's Counsel") and Request for Hearing (the "Motion to Authorize Payment"), and in support thereof states as follows:

> THE COURT: Has a joint tortfeasor release or any other form of release in conjunction with or in any way related to this $100,000 settlement been executed?
>
> MR. HOFFMAN: No.
>
> THE COURT: Has any other document describing, evidencing, in full or in partial execution of or otherwise memorializing the settlement been entered into, other than those that have been filed with this court in the open record?
>
> MR. HOFFMAN: No, Your Honor.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> THE COURT: What Mr. Hoffman has just stated on the record is that there has been no written agreement executed. And I think I described it exhaustively in terms of whether it's a settlement agreement, a release, or any other form of document memorializing, evidencing, embodying, or in part or in whole executing such a settlement, and the answer has been no.

Transcript of hearing before the Honorable Duncan Keir, November 4, 2003 at 11-12, 13.[1]

> The Trustee and Mr. Suntum executed a document that preceded the terms contained in the Motion to Approve Compromise with the Plaintiffs ("Motion").

Feb. 19, 2004 letter from Mr. Hoffman to James Cromwell, p. 2.

## 1.  THIS COURT SHOULD GRANT MR. MODANLO'S MOTION TO COMPEL.

The Trustee's Response to Mr. Modanlo's Motion to Compel (the "Response") does not explain why an executed version of the settlement allegedly reached between the Trustee and the Plaintiffs in the Montgomery County Litigation was not turned over to Mr. Modanlo, or at least revealed to this Court in response to its inquiries. It is impossible to read Mr. Modanlo's subpoena, this Court's questions and comments to Trustee's Counsel, and this Court's order to the Trustee to produce documents and not be convinced that the existence of that document should have been revealed. Since this Court has already found that "the Requested Documents may impact the final compensation granted" to Trustee's Counsel,[2] this Court should grant Mr. Modanlo's Motion to Compel and deny the Motion to Authorize Payment.

The Trustee and her counsel have repeatedly touted to this and other Courts the benefits of the settlement she supposedly reached with the Plaintiffs in the Montgomery County Litigation. Indeed, it would be fair to say that Trustee's Counsel staked the reasonableness of his fee application on his success in supposedly limiting the Plaintiffs' recovery in that lawsuit. This Court specifically found that document related to that alleged settlement were relevant to Trustee's Counsel's fee application and ordered that they be produced. Compensation Order at 1-2; Nov. 4 tr. at 27 ("I agree that these documents are directly relevant on the issue of

---

[1] Relevant pages of the November 4 transcript are attached hereto as Exhibit "A."

[2] Order Allowing in Part Second Application for Compensation and Expenses for Shulman, Rogers, Gandal, Pordy & Ecker, P.A. as Special Counsel to Cheryl E. Rose, Chapter 7 Trustee ("Compensation Order") at 1.

compensation. . . .") Only when ordered to produce the documents did Trustee's Counsel admit that they never actually reached such a settlement.

Even now, Trustee's Counsel continues to claim to have reached a settlement when such a claim benefits him, but denies it when denial is more favorable to him or the Trustee. Just days before the hearing quoted above, Trustee's counsel filed a pleading in the Montgomery County court representing to that court that the settlement had actually been reached.[3] Then, one month *after* telling this Court that no settlement had been finalized, the Trustee argued that this Court should ignore FACS's position on an issue because "this Court approved a compromise that reduced the aggregate allowed claims of the derivative shareholders and FACS to $100,000," and therefore FACS held an insignificant claim.[4] Even within individual pleadings, Trustee's counsel tries to claim the benefits of the settlement while disclaiming it when asked to produce documents. Compare Trustee's Motion for Protective Order ¶ 43(c)(claiming that the Trustee "has caused a compromise of approximately $150,000,000 in claims against the Estate to, at most, $100,000") with the same brief at ¶ 27(c)("the Trustee and the Plaintiffs have not finalized the documentation. . . . continue to negotiate. . . . remain subject to compromise and negotiation. . . .") These inconsistent positions call into question the Trustee's and her Counsel's performance in this case.

At the November 4 hearing Trustee's Counsel claimed that he had only circulated drafts of the agreement, which had not been finalized. Nov. 4 tr. at 12. He now admits that he possesses a version of the settlement agreement that was actually executed by the parties,

---

[3] See Final Analysis, Inc.'s Response to Report and Recommendations of James Cromwell, Esq. Regarding Claims Against Nader Modanlo and New York Satellite Industries, LLC, dated October 29, 2003, ¶ 13 at 5 ("[T]he Trustee reached a settlement with the Plaintiffs reducing FAI's liability to the Plaintiffs...").

[4] Response of Trustee to FACS' Objection to the Compromise, dated Dec. 4, 2003, at 19.

3

apparently subject to Court approval.[5] He suggests that Mr. Modanlo and this Court should have asked specifically for documents created *before* the settlement was approved. Neither the subpoena nor the Court's language can be read to limit the scope of documents to those prepared after the settlement was approved.

Moreover, to the extent this Court and Mr. Modanlo did not ask specifically for earlier executed versions of the settlement, it was because Trustee's counsel represented in open Court that only draft documents existed. This Court made clear that it was relying on Trustee's counsel's representation that only a draft had been exchanged, asking Mr. Modanlo's counsel "Now, having heard that, what is it that you want to see. . . ." Nov. 4 tr. at 12-13. It is simply inconceivable that the existence of an earlier, executed agreement embodying the terms of the settlement should not have been revealed to this Court and produced to Mr. Modanlo.

Rather than addressing these questions head-on, the Trustee's brief on the Motion to Compel gives the Court a history of this litigation and touts jury verdicts that have since been completely repudiated, including the Trustee's verdicts on which Mr. Modanlo has been granted a new trial because they were not supported by the evidence at trial. Neither the complexity of this case nor the repudiated jury verdicts explain why the Trustee did not tell this Court or Mr. Modanlo about the document she executed with the Plaintiffs. The Trustee has a greater duty of disclosure than other litigants. Nov. 4 tr. at 24. She has not lived up to that duty here.

Given their apparent willingness to rely upon strained interpretations of Mr. Modanlo's document requests and this Court's orders, the Trustee and her counsel should be compelled to

---

[5] Trustee's Counsel accuses Mr. Modanlo of seeking a second bite at the apple "on the basis of a statement made by counsel in another proceeding." He ignores the fact that *he was the counsel who made the statement in the other proceeding*, and that Mr. Modanlo is simply seeking the "apple" that Trustee's Counsel was ordered to produce in the first place.

4

produce *all* documents of any kind reflecting or discussing actual or proposed agreements with the Plaintiffs, including all correspondence discussing any agreement or proposed agreement.

## II.  THIS COURT SHOULD DENY THE MOTION TO AUTHORIZE PAYMENT.

### A.  The granting of a new trial and the apparent lack of a settlement render moot Special Counsel's claims of benefit to the Estate.

This Court has already found that documents related to the alleged settlement are relevant to Trustee's Counsel's fee application and discoverable by Mr. Modanlo. Compensation Order at 1-2; Nov. 4 tr. at 27 ("I agree that these documents are directly relevant on the issue of compensation. . . .") As noted above, the alleged settlement was one of the principal justifications Trustee's counsel gave for the reasonableness of his fees. See Second Fee Application at 12-15. The other principal justification was the Trustee's alleged success in the Montgomery County litigation in obtaining two jury verdicts in favor of the Estate and against Mr. Modanlo. Now, as Trustee's Counsel admits, **the Montgomery County court has found that the Trustee presented insufficient evidence at trial to support the verdicts, and has granted Mr. Modanlo a new trial.** With no settlement and no verdicts in favor of the Estate, Trustee's Counsel's efforts resulted in nothing but a **$3.15 million verdict against the Estate**, which could easily have been avoided if Trustee's Counsel had not blindly cooperated with the Plaintiffs in that case.

### B.  The Trustee and her counsel continue to ignore, and indeed to oppose, evidence that disproves that claims against both Mr. Modanlo and the Estate.

Though the new trial ruling was not based on this finding, the court acknowledged that evidence has come to light since the trial casting even further doubt on the legitimacy of the verdicts against Mr. Modanlo. The evidence was a report and testimony of an expert accountant who had conducted an exhaustive fraud audit and concluded that the fraud of which Mr. Modanlo and the Estate itself were accused had never happened. Trustee's Counsel joined the

5

Plaintiffs in vigorously and successfully arguing to keep the accountant's testimony from the jury at trial, thereby subjecting both Mr. Modanlo and the Estate to a $3.15 million verdict that was factually in error. Even after the trial, with full knowledge that the accountant's testimony would clear the Estate along with Mr. Modanlo, the Trustee and her counsel fought doggedly and repeatedly to keep the evidence from being considered. Fortunately the court decided to hear the evidence (in the context of a settlement of the derivative verdicts, but not in relation to the new trial on the Estate's claims), credited it, and has since approved a settlement of all of the derivative verdicts against Mr. Modanlo. Despite the Trustee's Counsel's best efforts to quash it, that evidence should also clear the Estate of any wrongdoing. Nonetheless, to this day the Trustee and her counsel have not taken the simple step of asking the court to dismiss the verdict against the Estate, which the accounting expert has proven to be in error.

Trustee's Counsel accuses Mr. Modanlo of "engaging in a war of attrition." Opposition to Motion to Compel ¶ 15. The Trustee and her counsel spent nearly four months – weeks of negotiation, filing a motion to quash and a motion for protective order, two hearings in this Court – all to avoid producing a document that they ultimately claimed did not exist in the first place. At the same time, the Trustee has sued, threatened to sue, prepared draft lawsuits or filed claims against most of the lawyers and law firms that have dared to represent any opposing party in any proceeding. If anyone is engaged in a war of attrition, it is the Trustee.

### C. The Trustee and her counsel have depleted assets of the Estate that might otherwise have been available to creditors.

As of now, all the Trustee's efforts have resulted in a $3.15 million jury verdict *against* the Estate, and not one penny has come into the Estate since Mr. Modanlo's company purchased the Debtor's assets for $1.1 million. At the same time, the Trustee failed to pursue a liquidated judgment of $137,329.38 plus interest against Mr. Ahan, dismissed (without Court approval)

6

valid claims against Mr. Ahan in the Montgomery County litigation, and has apparently allowed the statute of limitations to expire on a promissory note from Mr. Ahan in the amount of $200,000, though she claims not to have reached to agreement of any kind with Mr. Ahan. The Trustee has now filed a pleading in the Montgomery County litigation asserting that the Estate has insufficient assets remaining to retry the claims on which Mr. Modanlo was granted a new trial.[6] The Trustee's war of attrition has apparently depleted the Estate's assets completely. The Estate's creditors will be the real casualties. The time has come for this Court to decide whether the Trustee's ongoing activities are in the best interests of the Estate.

Given that (i) Trustee's Counsel has still not produced the documents over which this Court withheld this portion of his fees, (ii) virtually all of the benefits he allegedly bestowed on the Estate have proven to be illusory, and (iii) he has subjected the Estate to a $3.15 million verdict despite the court's acknowledgment of evidence that would clear the Estate, this Court should deny his request for additional distribution of fees.

For the reasons set forth above, this Court should grant Mr. Modanlo's Motion to Compel and deny Trustee's Counsel's Motion to Authorize Payment.

April 22, 2004

NADER MODANLO
By Counsel:

Rodney H. Glover, MD Fed. Bar #07780
Attison L. Barnes, III, MD Fed. Bar #15198
Charles C. Lemley, MD Fed. Bar #15205
WILEY REIN & FIELDING
1776 K Street N.W.
Washington, D.C. 20006
(202) 719-7000

---

[6] See Trustee's Motion to Reconsider Order for New Trial Dated March 31, 2004, relevant pages attached hereto as Exhibit "B."

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with exhibits which are the subject of this Motion, was served by U.S. Mail, first class, postage prepaid, this 22nd day of April, 2004 on the following:

Joel W. Ruderman
The Washington Harbour
3000 K Street, NW
Suite 300
Washington, DC 20007

James Hoffman, Esq.
Shulman Rogers Gandal
Pordy & Ecker, P.A.
11921 Rockville Pike
Rockville, MD 20852

Susan R. Podolsky
601 13th Street, NW
Suite 1200S
Washington, DC 20005

Ann E. Schmitt, Esq.
Reed Smith, LLP
1301 K Street, NW
Suite 1100—East Tower
Washington, D.C. 20005

James W. Greenan, Esq.
McNamee, Hosea,
Jernigan, Kim, Greenan &
Walker, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

Bruce K. Trauben, Esq.
Dorsey & Whitney, LLP
1001 Pennsylvania Avenue,
NW, Suite 200 South
Washington, D.C. 20004

Richard D. Mirsky
Poppleton, Garrett, et al.
15400 Calhoun Drive,
Suite 140
Rockville, MD 20855-2735

Jan Friis
9917 Derbyshire Lane
Bethesda, MD 20817

David W. Baker
3074 McKinnon Way
Suite 300
Oakton, VA 22124

Lawrence John Anderson
Pels, Anderson, et al.
4833 Rugby Avenue, 4th Floor
Bethesda, MD 20814

Ali Aredzadeh
14350 Jacob Lane
Centreville, VA 20120

Bradshaw Rost
Tenenbaum and Saas
4330 East-West Highway,
Suite 1150
Bethesda, MD 20814

John Douglas Burns
6303 Ivy Lane
Suite 102
Greenbelt, MD 20770

George Grammas, Esq.
1301 K Street, NW
Suite 900, East Tower
Washington, DC 20005

Harry A. Harrison/
Laurence C. Rubin, CPA
Aronson and Company
700 King Farm Boulevard,
3rd Floor
Rockville, MD 20850

Tatiana Lawrence
8215 Wolftrap Road
Vienna, VA 22182

Patricia Mahoney
6139 Castletown Way
Alexandria, VA 22310

Joan T. Mancusco
4555 Linnean Avenue, NW
Washington, DC 20008

| | | |
|---|---|---|
| Craig C. Martin, Esq.<br>Jenner and Block<br>One IBM Plaza<br>Chicago, IL 60611 | Karl Olsoni<br>3500 Parkway<br>Suite 440<br>Norcross, GA 30092 | Ronald R. Peterson, Esq.<br>Jenner and Block<br>One IBM Plaza<br>Chicago, IL 60611 |
| Jeffrey L. Friedman<br>Friedman and Associates<br>100 Owings Court, Suite 4<br>Reisterstown, MD 21136 | Lawrence Spedden<br>2717 Boudwin Avenue<br>Boothwyn, PA 19061 | Bobby Y. Lee<br>4833 Rugby Avenue<br>Fourth Floor<br>Bethesda, MD 20814 |
| Jeffrey M. Schwaber, Esq.<br>Stein, Sperling<br>25 West Middle Lane<br>Rockville, MD 20850 | Office of the United States<br>Trustee<br>6305 Ivy Lane<br>Suite 600<br>Greenbelt, MD 20770 | Joseph Suntum, Esq.<br>Miller, Miller & Canby<br>200-B Monroe Street<br>Rockville, MD 20850 |

_____
Charles C. Lemley, Esq.

WRFMAIN_CLEMLEY 12189982.1