Date signed June 21, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 01-21039PM |
|---|---|
| **Final Analysis, Inc.,**<br><br>Debtor. | **Chapter 11** |
| **International Research Centre Gloria-Polyot,**<br><br>Movant,<br><br>v.<br><br>**Final Analysis, Inc.,**<br><br>Respondent. | |

**MEMORANDUM OF DECISION**

Before the court is a "Motion to Allow Late Filed Amended Claim No. 84 of International Research Centre 'Gloria Polyot' to Relate Back to the Filing of an Informal Proof of Claim or in the Alternative, for Extension of Time to File a Proof of Claim Based Upon Excusable Neglect," filed by International Research Centre Gloria-Polyot on November 11, 2005. By response filed November 23, 2005, the Chapter 7 Trustee urges, while the claim is untimely, it may be allowed as a timely filed claim under 11 U.S.C. § 726(a)(2)(C) or F.R.B.P. Rule 9006(c). Opposition to the motion was filed on December 1, 5 and 6, 2005 (Dkt. Nos. 513, 514 and 515) by Jan Friis and Nader Mondanlo, debtor's principal as well as some unsecured creditors. Following the departure

on April 14, 2006, of the Judge to whom this case was originally assigned, this matter was then assigned to Judge Wendolyn Lipp, but because of a conflict this contested matter was reassigned.

The following sections of the Bankruptcy Code are applicable: §§ 502(a), 726(a)(2)(C) and 706(a)(3), as well as F.R.B.P. Rules 3002(c), 5005(c) and 9006(b)(2).

At the outset, the court will dispose of certain matters raised by the parties. First is the argument raised by the claimant that an extension of time may be granted after the expiration of the specified time to permit an act to be done where the failure to act was the result of excusable neglect. Under F.R.B.P. Rule 9006(b)(3), that is applicable to the time for filing Proofs of Claim under F.R.B.P. Rule 3002(c), enlargement of a time for filing a Proof of Claim in a case under chapters 7, 12 or 13 may be obtained by motion made <u>before</u> the expiration of the specific period to permit the act to be done. But, F.R.B.P. Rule 9006(b)(3) limits the enlargement of time for filing a Proof of Claim under F.R.B.P. Rule 3002(c) only to the extent and under the conditions stated in that Rule. None of the conditions stated in F.R.B.P. Rule 3002(c) apply here. <u>See</u> <u>generally</u> 10 COLLIER ON BANKRUPTCY, ¶ 9006.08[2] (15th ed. rev. 2002). As pointed out in the 1983 Advisory Committee note to F.R.B.P. Rule 9006, if "a rule is included in paragraph (3) an extension may not be granted under paragraph (1)." While excusable neglect was a matter properly raised in such cases under chapter 11 as *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). The holding of the Supreme Court in *Pioneer Inv. Serv. Co.* has no relevance herein.

Similarly, § 726(a)(2)(C) of the Bankruptcy Code has no relevance to this decision in that it is uncontradicted that the claimant had actual knowledge of this bankruptcy case no later than December 25, 2001, as shown by the claimant's Exhibit A. Following the Chapter 7 Trustee's Notice of Assets filed on November 27, 2001, the court sent a notice on November 29, 2001, to all creditors fixing the bar date for filing Proofs of Claim as February 25, 2002. It cannot be disputed that the creditor had actual knowledge of the case within ample time for the timely filing of a Proof of Claim.

Having said that, the court returns to the single issue involved in the case -- whether the facsimile sent by Dr. Alexander Ilyin, as president of creditor, to counsel for the Chapter 7 Trustee, James Hoffman, dated January 13, 2002, may form the basis for an informal *de facto* Proof of Claim that may be amended by the Proof of Claim executed on Official Form 10 received by the Clerk of

Clerk on February 27, 2002 -- two days after the bar date of February 25, 2002.  The decision in this case is guided by F.R.B.P. Rule 5005(c) that provides, in part, that:

> A paper intended to be filed with the clerk but erroneously delivered to the United States trustee, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. . . . In the interest of justice, the court may order that a paper erroneously delivered shall be deemed filed with the clerk or transmitted to the United States trustee as of the date of its original delivery.

The court finds as a fact, based on the testimony presented, that the facsimile was received by Mr. Hoffman, the Chapter 7 Trustee's attorney, but that he failed to transmit it to the Clerk.  The court further finds as fact, although this is not pertinent to this decision, that although the debtor and those in control of the debtor received the facsimile dated November 26, 2001 (Exhibit I), wherein the claim for $230,000.00 was asserted together with a copy of the agreement said to underlie the debt, that contrary to the debtor's responsibility, it failed to amend its Schedules so as to enable this creditor to receive official notice from the court of the filing of the bankruptcy case as well as the notice to file claims with the clerk of the court.

The doctrine of informal Proof of Claims has a long history.  In the case of *In re Fant*, 21 F.2d 182 (W.D.S.C. 1927), Circuit Judge Northcott, sitting as a district judge, allowed the People's Bank of Anderson, S.C., to file an amended Proof of Claim, although it had filed no formal Proof of Claim.  The opinion was quoted with approval by the Court of Appeals for the Fourth Circuit:

> The trend of modern decisions on this question, without exception, is to the effect that, where there is anything in the record in the bankruptcy case which establishes a claim against the bankrupt, it may be used as a basis for amendment after the expiration of the statutory year, where substantial justice will be done by allowing the amendment.

*Fyne v. Atlas Supply Co.*, 245 F2 107, 108 (CA4 1957) *quoting In re Fant*, 21 F.2d 182, 183 (W.D.S.C. 1927).  In the *Fant* case, the court took notice of the case of *Patterson-MacDonald Shipbuilding Co. Carstens et ux. v. Mclean*, 293 F. 190 (CA9 1923), that was another case of a letter to a trustee setting out a claim of the estate.  The court finds that the informal claim made well within the filing period may be subjected to a perfecting amendment.  *Wilkens v. Simon Brothers, Inc.*, 731 F2d 462, 464 (CA7 1984).  Sufficient notice was give more than four years prior to the

date of this hearing.  As stated in the case of *In re Davis*, 936 F2d 771, 775-6 (CA4 1991), "[f]or an amended claim to be allowed in the absence of a prior written informal claim, the creditor in question must undertake some affirmative action to constitute sufficient notice that he has a claim against the estate."  Here, the claimant did everything correctly other than file an Official Form 10 two days late.  As in the case of *First American Bank & Trust of Minot v. Butler Machinery Co. (In re Haugen Construction Services, Inc.)*, 876 F.2d 681 (CA 1989), the original communication by facsimile should be construed as an informal Proof of Claim serving as a platform for the amended Proof of Claim.  While unlike *Butler*, this creditor did not actively participate in the case, most likely because of its location in Siberia, the court nonetheless will permit amendment of the Proof of Claim.

      An appropriate order will be entered.


cc:    Cheryl Rose, Esq.
       Chapter 7 Trustee
       50 W. Edmonston Dr., #600
       Rockville, MD 20852

       James M. Hoffman, Esq.
       11921 Rockville Pike, #320
       Rockville, MD 20852

       Final Analysis, Inc.
       9701-E Philadelphia Court
       Lanham, MD 20706

       Ann E. Schmitt, Esquire
       1301 K St., NW, Ste 1100
       East Tower
       Washington, DC 20005

       Joseph P. Suntum, Esquire
       Miller, Miller & Canby
       200-B Monroe Street
       Rockville, MD 20850

Gregory P. Johnson
Orem & Johnson, LLC
7237 Hanover Parkway, Suite C
Greenbelt, MD 20770

David W. Baker
3074 McKinnon Way, Suite 300
Oakton, VA 22124

Janet M. Nesse, Esquire
Morrison & Hecker, LLP
1150 18th Street, N.W., Suite 800
Washington, D.C.   20036-3816

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Joel S. Aronson, Esquire
3 Bethesda Metro Center, #650
Bethesda, MD 20814

Jan Friis
9917 Derbyshire Lane
Bethesda, MD 20817

Nader Mondanlo
5 Crestview Court
Potomac, MD 20854

**End of Order**