## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| IN RE: : : | |
| FINAL ANALYSIS, INC. : : | Case No. 01-21039 Chapter 7 |
| Debtors : : | |

### OMNIBUS MOTION FOR ORDER APPROVING COMPROMISES WITH MARGARET BECRAFT, RICHARD E. KAVANAGH, ALEXANDER KISIN, STEVEN MERRITT AND JAMES ANTHONY SANDERS

Cheryl E. Rose, Chapter 7 Trustee ("Trustee"), for the bankruptcy Estate of Final Analysis, Inc. ("Debtors"), by and through her undersigned counsel, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., hereby moves this Honorable Court for an Order pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(2), 2002(c), 6004(a), 6004(c) and 9014, relating to the claims of Margaret Becraft, Richard E. Kavanagh, Alexander Kisin, Steven Merritt and James Anthony Sanders, to which the Trustee would otherwise object. In furtherance hereof, the Trustee represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

3. On September 4, 2001, the Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code.

4. Cheryl E. Rose is the duly appointed, qualified and acting Chapter 7 Trustee for the Debtors by the United States Trustee for Region Four.

## **Becraft**

5. Margaret Becraft ("Becraft") is a creditor and former employee of the Debtor.

6. On February 25, 2002, as amended on March 28, 2005, Becraft filed a proof of claim (claim No. 71-1 which was then amended as claim No. 91-1).

7. Becraft's claim was for $1,152,534.44 for breach of contract relating to FAI's failure to timely issue stock to her as compensation and for other claims relating to her employment including wages and overtime. The Trustee is aware that several other employees made the same assertions as Becraft that FAI repeatedly promised the issuance of stock and compensation to certain employees in consideration for continued services.

8. Becraft asserts that she provided valuable services in consideration for promises of additional compensation and stock after the launch of FAI's second rocket to which a satellite was attached.

9. The Trustee understands that there are credible witnesses to support Becraft's version of the facts.

10. While Becraft's claim for compensation appears based on claims that are arguable, this compromise will resolve a significant claim for breach of contract relating to the failure to issue stock to Becraft.

**Kavanagh**

11.  Richard E. Kavanagh ("Kavanagh") is a creditor and former employee of the Debtor.

12.  On February 25, 2002, as amended on October 31, 2005, Kavanagh filed a proof of claim (claim No. 73-1 which was then amended as claim No. 93-1).

13.  Kavanagh's claim was for $1,131,500 for breach of contract relating to FAI's failure to timely issue stock to him as compensation and for other claims relating to his employment including wages.  The Trustee is aware that several other employees made the same assertions as Kavanagh that FAI repeatedly promised the issuance of stock and compensation to certain employees in consideration for continued services.

14.  Kavanagh asserts that he provided valuable services in consideration for promises of additional compensation and stock after the launch of FAI's second rocket to which a satellite was attached.

15.  The Trustee understands that there are credible witnesses to support Kavanagh's version of the facts.

16.  While Kavanagh's claim for compensation appears based on claims that are arguable, this compromise will resolve a significant claim for breach of contract relating to the failure to issue stock to Kavanagh.

**Kisin**

17.  Alexander Kisin ("Kisin") is a creditor and former employee of the Debtor.

18.     On February 25, 2002, as amended on June 23, 2004, and March 28, 2006, Kisin filed a proof of claim (claim No. 70-1 which was then amended as claim No. 87-1 and 95-1).

19.     Kisin's claim was for $1,175,000 for breach of contract relating to FAI's failure to timely issue stock to him as compensation and for other claims relating to his employment including wages and overtime. The Trustee is aware that several other employees made the same assertions as Kisin that FAI repeatedly promised the issuance of stock and compensation to certain employees in consideration for continued services.

20.     Kisin asserts that he provided valuable services in consideration for promises of additional compensation and stock after the launch of FAI's second rocket to which a satellite was attached.

21.     The Trustee understands that there are credible witnesses to support Kisin's version of the facts.

22.     While Kisin's claim for compensation appears based on claims that are arguable, this compromise will resolve a significant claim for breach of contract relating to the failure to issue stock to Kisin.

### Merritt

23.     Steven Merritt ("Merritt") is a creditor and former employee of the Debtor.

24.     On February 25, 2002, Merritt filed a proof of claim (claim No. 72-1 which was then amended on March 28, 2006 as claim No. 92-1).

25.     Merritt's claim was for $1,203,269.44 for breach of contract relating to FAI's failure to timely issue stock to him as compensation and for other claims relating to

4

his employment including wages, outstanding back wages and overtime pay. He asserts that FAI repeatedly promised specific financial commitments to reward uncompensated overtime, acceptance of reduced annual compensation and extraordinary commitments to FAI in consideration for the issuance of stock in FAI's wholly owned subsidiary.

26. Merritt asserts that he provided valuable services in consideration for promises of additional compensation and stock after the launch of FAI's second rocket to which a satellite was attached.

27. The Trustee understands that there are credible witnesses to support Merritt's version of the facts.

28. While Merritt's claim for compensation appears based on claims that are arguable, this compromise will resolve a significant claim for breach of contract relating to the failure to issue stock to Merritt.

**Sanders**

29. James Anthony Sanders ("Sanders") is a creditor and former employee of the Debtor.

30. On February 25, 2002, as amended on October 28, 2005, Sanders filed a proof of claim (claim No. 76-1 which was then amended as claim No. 94-1).

31. Sanders' claim was for $1,175,540 for breach of contract relating to FAI's failure to timely issue stock to him as compensation and for other claims relating to his employment including wages and overtime. The Trustee is aware that several other employees made the same assertions as Sanders that FAI repeatedly promised the issuance of stock and compensation to certain employees in consideration for continued services.

5

32. Sanders asserts that he provided valuable services in consideration for promises of additional compensation and stock after the launch of FAI's second rocket to which a satellite was attached.

33. The Trustee understands that there are credible witnesses to support Sanders' version of the facts.

34. While Sanders' claim for compensation appears based on claims that are arguable, this compromise will resolve a significant claim for breach of contract relating to the failure to issue stock to Sanders.

### **Terms of Compromise**

35. The Compromise is summarized below:

    A. Becraft consents to the entry of a Court Order allowing a general unsecured claim in the amount of $152,534.44.

    B. The Trustee will not object to the claim of Becraft for such amount.

    C. Kavanagh consents to the entry of a Court Order allowing a general unsecured claim in the amount of $81,500.00.

    D. The Trustee will not object to the claim of Kavanagh for such amount.

    E. Kisin consents to the entry of a Court Order allowing a general unsecured claim in the amount of $175,000.00.

    F. The Trustee will not object to the claim of Kisin for such amount.

    G. Merritt consents to the entry of a Court Order allowing a general unsecured claim in the amount of $203,269.44.

    H.  The Trustee will not object to the claim of Merritt for such amount.

    I.  Sanders consents to the entry of a Court Order allowing a general unsecured claim in the amount of $175,540.00.

    J.  The Trustee will not object to the claim of Sanders for such amount.

### Standard for Approving Compromises

36. Bankruptcy Rule 9019(a) provides, in part, that "the court may approve a compromise or settlement." It is well settled that a compromise should be approved so long as the terms do not fall "below the lowest point in the range of reasonableness." E.g., In re W.T. Grant Co., 699 F.2d 599, 608 (2nd Cir.), cert. denied, 464 U.S. 822 (1983); In re Bowman, 181 B.R. 836, 846 (Bankr. D.Md. 1995); Rahman v. Oncology Assoc., P.C., 269 B.R. 139, 149-50 (D. Md. 2001). Bankruptcy courts generally consider four (4) factors in determining whether to approve a compromise: (i) the probability of ultimate success should the issue be litigated; (ii) the complexity, expenses, and likely duration of such litigation; (iii) the possible difficulty of collection on any judgment ultimately upheld; and (iv) all other factors relevant to a full and fair assessment of the proposed compromise. See, e.g., Bowman, 181 B.R. 836. In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the Trustee." Depo v. Chase Lincoln First Bank, N.A. (In re Depo), 77 B.R. 381, 383 (N.D.N.Y. 1987), aff'd, 863 F.2d 45 (2d Cir. 1988).

37. The Trustee believes the Compromises described herein are in the best interest of the Estate.

38. Notice of this proposed Compromises described herein is being sent to all creditors and parties in interest.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

A. Approving the Compromise; and

B. Granting such other and further relief as may be just and proper.

    Respectfully submitted,

    SHULMAN, ROGERS, GANDAL,
      PORDY & ECKER, P.A.

By: /s/ James M. Hoffman
    James M. Hoffman, Bar No. 04914
    11921 Rockville Pike, Suite 300
    Rockville, Maryland 20852
    (301) 230-5243
    Attorneys for Cheryl E. Rose,
      Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 31st day of July, 2007, to the extent that the following persons were not served electronically via the CM/ECF system, a copy of the following Motion for Order Approving Compromise was mailed, via first-class mail, postage pre-paid to the following parties:

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770

Cheryl E. Rose, Esquire
50 W. Edmonston Drive, #600
Rockville, Maryland 20852

James Sanders
1583 Snug Harbor Road
Shady Side, MD 20764

Steven Merritt
307 Cedar Avenue
Edgewater, MD  21037

Alexander Kisin
11606 Toulone Drive
Potomac, MD  20854


Richard E. Kavanagh
601 Ford Road
Deale, MD  20751

Margaret Becraft
6113 Seminole Street
Berwyn Heights, MD  20740

Merrill Cohen, Esquire
7910 Woodmont Avenue, #760
Bethesda, MD 20814

Joseph Suntum, Esquire
Miller, Miller & Canby
200-B Monroe Street
Rockville, MD 20850

Joel S. Aronson, Esquire
3 Bethesda Metro Center, #650
Bethesda, MD 20814

Edward Tolchin, Esq.
10509 Judicial Drive, Suite 300
Fairfax, VA 22030

Richard M. Goldberg, Esq.
36 South Charles Street, Suite 2000
Baltimore, MD 21201


                                                /s/ James M. Hoffman
                                                James M. Hoffman

G:\50\FAI\omnibusmotion.doc