Date signed December 29, 2011



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In Re: | * | |
| Final Analysis, Inc. | * | Case No.   01-21039-TJC |
| | * | Chapter   7 |
| | * | |
| Debtor | * | |

## MEMORANDUM OF DECISION

This discovery dispute arises in the claim objection proceeding initiated by Nader Modanlo ("Modanlo"), who objects to the proof of claim filed by IRC Gloria Polyot ("Claimant"). Modanlo filed a motion to compel discovery responses, to award sanctions, and to extend discovery deadlines (the "Motion") on November 9, 2011. (Docket No. 1186). Claimant opposes the Motion. (Docket No. 1190). The Court held a hearing on the Motion and opposition on December 22, 2011. For the reasons set forth in this Memorandum of Decision, the Court grants the Motion in part and denies it in part.

*Background.*

Claimant filed proof of claim number 84 in the amount of $230,000 (the "Claim"). The Claim has its genesis in an agreement entered into in 1995 (the "1995 Agreement") between the debtor Final Analysis, Inc. (the "Debtor") and "Polyot Design Bureau and/or [the Claimant]". In the 1995 Agreement, "Polyot Design Bureau and/or [the Claimant]" agreed to provide support services in connection with the Debtor's launch of the FAISAT-2V satellite. It is signed on behalf of the Debtor by Modanlo, and on behalf of Polyot Design Bureau and the Claimant by Dr. Alexander Ilyin ("Ilyin").

Subsequently, the same parties entered into a second agreement to resolve the Debtor's final payment obligations under the 1995 Agreement. Specifically, the parties entered into an agreement dated November, 1997 (the "Agreement") which provides that the Debtor will pay $230,000 in various installments through November, 1998. The payments are for work performed by "Polyot Design Bureau and/or [the Claimant] (Polyot)" for the FAISAT-2V mission, "including the supply of certain satellite components and for launch services onboard the Cosmos launch vehicle on September 23, 1997." The Agreement is signed by Modanlo and Ilyin on behalf of the Debtor and Polyot, respectively.

As stated above, the 1995 Agreement and the Agreement are between the Debtor "and Polyot Design Bureau and/or [the Claimant]." There is no dispute between the parties that payment by the Debtor to either Polyot Design Bureau or the Claimant would satisfy the Debtor's obligation under the Agreement. In fact, disputes exist between Modanlo and the Claimant about whether the Debtor paid Polyot Design Bureau for the amounts due under the Agreement (thereby satisfying the Debtor's obligation to pay either), whether Modanlo told Ilyin (the Claimant's principal) that the Debtor paid Polyot Design Bureau (and therefore whether the statute of limitations is tolled because of those statements) and what has been the results of

2

various Russian and State court proceedings among the parties (and whether the results of those proceedings have issue or claim preclusive effect here.)  These disputes form the basis for Modanlo's discovery requests, as described further below.

*Resolution*.

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery.  In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).  There are four limitations to the scope of discovery: (1) privileged matter; (2) material obtained in preparation for trial, including expert testimony; (3) a physical or mental examination can be ordered only for good cause; and (4) any court ordered limitation to discovery.  8 Charles Alan Wright & Arthur R. Miller & Richard L. Marcus, *Federal Practice And Procedure* §2007 (3d ed. 2010).  The purpose of a wide scope in discovery is to permit "[m]utual knowledge of all the relevant fact gathered by both parties[, which] is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392 (1947).

In applying these standards, the Court designates Modanlo's discovery into the following categories and resolves them as follows:

*Other Litigation*.  This discovery seeks materials and information on various Russian and State court proceedings among the parties.  The litigation is relevant to (a) issue and claim preclusion matters; (b) what admissions the parties made in the other litigation that could be useful here.  This discovery is plainly relevant and must be produced by the Claimant.  Accordingly, the Court will order the Claimant to respond to Interrogatories 1, 11 and 12.

*Tolling Issues*.  Modanlo claims that at least a portion of the Claim is barred by the statute of limitations.  The parties do not dispute a three year limitations period applies.  An involuntary petition was filed against the Debtor on September 4, 2001.  The Agreement provides that the Debtor will pay $230,000 in five installments, in November and December, 1997, and February, April and November, 1998.   Modanlo contends that, because the Debtor failed to make the payments due in December, 1997 and February and April, 2008, and those dates are more than three years before the petition date, the Claim is barred at least to the extent it is based on those unpaid payments.[1]  The Claimant contends that Modanlo misled Ilyin into believing that the Debtor paid the $230,000 under the Agreement to Polyot Design Bureau, which would have satisfied the Debtor's obligation under the Agreement.  The Claimant contends that the limitations period should be tolled because Modanlo's statements led Ilyin to investigate Modanlo's contention that the Debtor paid the $230,000 to Polyot Design Bureau.  Thus discovery concerning communications between Modanlo and others at the Debtor and the Claimant and its principal is relevant and must be produced by the Claimant.  Accordingly, the Court will order the Claimant to respond to Interrogatories 7 and 8 and Document Requests 9 and 10.

*Payment to Polyot*.  This discovery seeks information and materials on what amounts were paid by the Debtor to Polyot and for what purpose.  The Claimant contends that the Debtor paid for amounts due on Contract #1/98, dated February 13, 1998, not on the Agreement.  This discovery is plainly relevant and must be produced by the Claimant provided it is limited to payments made purportedly under either the Agreement or Contract #1/98.  Accordingly, the Claimant must respond to Document Request 8.

---

[1] It is unclear whether Modanlo contends the portion of the Claim based on the unpaid payment due November 1998 is barred by the three year statute of limitations.  *See* 11 U.S.C. §108(c).

4

*Work Performed by Claimant Prior to the Agreement.*  Modanlo seeks broad discovery on all services performed by the Claimant leading up to the Agreement, including work performed on the 1995 Agreement.  Modanlo contends that Polyot Design Bureau, not the Claimant, did all the work that gives rise to the Debtor's obligation to pay $230,000 under the Agreement, and therefore the Claim is objectionable as to the Claimant.  The Claimant contends that it performed many services on both agreements, and in any event the discovery is objectionable because the Debtor has an obligation to pay the $230,000 whether the work was performed by Polyot Design Bureau or the Claimant.

Under Section 502 of the bankruptcy Code, a claim is allowed unless, as pertinent here, the "claim is unenforceable against the debtor . . . under  . . . applicable law." 11 U.S.C. 502(b)(1).  Here, Modanlo does not dispute that the 1995 Agreement and the Agreement are *bona fide* contracts that are enforceable against the Debtor, and that the Claimant and Polyot Design Bureau are both parties to the agreements.  He also does not dispute that the Debtor is obligated to pay $230,000 under the Agreement and that the obligation would be satisfied by payment to either the Claimant or Polyot Design Bureau.[2]

Under these circumstances, it is irrelevant who performed the services under the 1995 Agreement or the Agreement as between the Claimant and Polyot Design Bureau.  Even if the Court were to assume, for purposes of the Motion, that Modanlo could establish that the Claimant performed no services under the 1995 Agreement or the Agreement, the Claimant could nevertheless prosecute the Claim because the 1995 Agreement and the Agreement recognized the Claimant as a primary party in interest and as privy to the promise.  *See* 5A Md.

---

[2] There is no dispute that Polyot Design Bureau has not filed a proof of claim, and the claim bar date has long since passed.  Thus there is no danger that the Debtor could be obligated to pay the amount due under the Agreement twice.  In any event, payment to either Polyot Design Bureau or the Claimant would satisfy the Debtor's obligation under the Agreement.

L. Ency., Contracts §104 (Nov. 2011) ("Under contemporary practice, to maintain an action on a contract a third person must show that the contract was intended for the third party's benefit. . . . It must clearly appear that the parties intended to recognize the third party as a primary party in interest and as privy to the promise."). Accordingly, the Court will deny the Motion to the extent it seeks to compel the Claimant to respond further to Interrogatories 3, 4, 5, 6 and 13 and Document Requests 4, 5, 6, 7, 13, 14, 15 and 16.

*Investigations and Allegations of Wrongdoing*. Modanlo seeks discovery of information concerning investigations of Design Bureau Polyot, the Claimant, Modanlo and the Debtor, among others. Modanlo seeks this information because the Claimant has contended that Modanlo and others have submitted forged and fraudulent documents in this proceeding. The Court will compel the requested discovery, but only to the extent it relates to the 1995 Agreement, the Agreement or Contract #1/98. Accordingly, the Court will order the Claimant to respond to Interrogatories 9 and 10 and Document Request 1, 2 and 3, but only to the extent the requested information relates or pertains to the 1995 Agreement, the Agreement or Contract #1/98.

*Objection to Documents.* In Interrogatories 12 and 14, Modanlo requests that the Claimant explain its objections to various documents. The Interrogatories ask little more than what the Claimant must assert in its objection to exhibits required by the Court's scheduling order. Therefore the Court will require the Claimant to supplement its response to Interrogatories 12 and 14. In Document Request 11, Modanlo asks for all documents concerning the proof of claim. In Document Request 17, Modanlo asks for all documents identified in response to Interrogatories. In Document Request 18, Modanlo asks for all documents which the

6

Claimant intends to use at trial.  These requests seek discovery of relevant materials and responsive documents must be produced.

*Payments received*.  Document request 12 asks for all payments received by the Claimant from various parties since November 1, 1994.  It requests relevant information but is overly broad in scope.  The Claimant must respond to this request but limited to payments received by the Claimant from the Debtor since the date of the Agreement.

*Sanctions*.

Fed. R. Civ. P. 37 provides for sanctions when a party fails to obey discovery orders. "Without adequate sanctions the procedure for discovery would often be ineffectual." *Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) (quoting 8 C. Wright and A. Miller, *Federal Practice and Procedure* §2281 at 753 (1970)).  Mandatory sanctions are intended to prompt a party to respond and to minimize court intervention.  8 Charles Alan Wright & Arthur R. Miller & Richard L. Marcus, *Federal Practice And Procedure* §§2281, 2288 (3d ed. 2010).

Fed. R. Civ. P. 37(a)(5) states:

> (5) Payment of Expenses; Protective Orders.
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

"The great operative principle of Rule 37(a)(5) is that the loser pays."  8 Charles Alan Wright & Arthur R. Miller & Richard L. Marcus §2288.  If a motion to compel discovery is

granted, the party "whose conduct necessitated the motion shall be required to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order." *Id*. The attorney for the losing party may also be ordered to pay expenses.

Here, Modanlo served Claimant with interrogatories and requests for production of documents on September 20, 2011. (Docket No. 1184). Claimant sent unsigned responses on October 24, 2011. However, of the fourteen interrogatory requests, the Claimant objected to seven (Nos. 4, 5, 6, 8, 9, 10 and 13), gave nonresponsive answers to three (Nos. 2, 3 and 7) and stated it "will answer" the remaining four (Nos. 1, 11, 12 and 14). Claimant did not produce any documents. After attempts to resolve the disputes, Modanlo filed the Motion on November 9, 2011.

On November 14, 2011, Claimant filed a certificate regarding discovery (Docket No. 1188) certifying that Claimant's further answers to Modanlo's first interrogatories and Claimant's responses to Modanlo's first request for production of documents were electronically served on November 14, 2011. Thereafter on November 15, 2011, Claimant filed a second certificate regarding discovery (Docket No. 1189) certifying that Claimant's updated responses to Modanlo's interrogatories and request for production of documents were served on November 15, 2011.

The record establishes that Claimant's initial discovery responses were substantially deficient. Moreover, Claimant did not provide discovery to a number of requests until after Modanlo filed the Motion. Further, pursuant to this Memorandum, the Court now orders the Claimant to respond to a number of additional requests. Therefore, under Rule 37, a sanction is appropriate. In determining the amount of the sanction, the Court takes into account (1) that it has denied the motion with respect to a number of requests, and therefore the Claimant's

objection was justified in part; and (2) the principal of the Claimant, Ilyin, resides in Russia, thus presenting logistical difficulties. The Court will require the Claimant to pay Modanlo $2,000.00 for his expenses in filing and prosecuting the Motion.

      A separate order shall issue.


Cc:    Debtor
        Debtor's Counsel
        Chapter 7 Trustee
        IRC Gloria Polyot
        IRC Gloria Polyot's Counsel
        United States Trustee

**END OF MEMORANDUM**